1

NAME: GERALD ASHFORD

2

CDCR NUMBER: T-31688

ADDRESS:        P.O. Box 500

3

Chino, CA. 91708

4

5

6

Received    11-14-22
(Date)

CLERK, U.S. DISTRICT COURT

11/14/2022

CENTRAL DISTRICT OF CALIFORNIA

BY:        JD        DEPUTY

Scanned at CIM and E-mailed
on  11-14-22  by  SV
(Date)        (Initials)

Number of pages scanned:
26

7

GERALD ASHFORD    .

PLAINTIFF,

8

9

vs.

JAMES HILL et al.,    .

10

DEFENDANT

11

CASE NO.:  5:22-cv-00846-SSS-KES

NOTICE OF SUBMISSION OF  FIRST AMENDED
COMPLAINT WITH EXHIBITS ONE THROUGH
EIGHT IN SUPPORT

12

13

Check one:

14

☐ INITIAL COMPLAINT (Exhibits related to an initial §1983 complaint)

15

☒ SUBSEQUENT DOCUMENT (Documents related to an existing §1983 case)

16

17

18

I presented a document with ___25___ pages to the librarian for scanning.   25 of 73

19

20

21

22

23

Date: November 14, 2022

24

25

Pro Per GERALD ASHFORD

26

27

28

NOTICE OF SUBMISSION OF FIRST AMENDED COMPLAINT WITH EXHIBITS ONE THROUGH
EIGHT IN SUPPORT

GERALD ASHFORD
FULL NAME

N/A
COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION
California Institution for Men ("CIM")
P.O. 500
Chino, CA. 91708

PRISON NUMBER (if applicable)    T-31688

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

5:22-cv-00846-SSS-KES
*To be supplied by the Clerk*

GERALD ASHFORD                                PLAINTIFF,
                          v.
LARRY CAIN, T.LEE, B.CASTORENA, C.MURATET,
T.NESBITT and T.KERR and
DOES 1-20 inclusive            DEFENDANT(S).

FIRST AMENDED COMPLAINT
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes    ☒ No

2. If your answer to "1." is yes, how many? ___N/A___

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

(NO PREVIOUS LAWSUITS)

[Pg.1 of 30

a. Parties to this previous lawsuit:

Plaintiff _____ N/A _____

_____

Defendants _____ N/A _____

_____

b. Court _____ N/A _____

_____

c. Docket or case number _____ N/A _____

d. Name of judge to whom case was assigned _____ N/A _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____ N/A _____

f. Issues raised: _____ N/A _____

_____

_____

g. Approximate date of filing lawsuit: ___ N/A _____

h. Approximate date of disposition _____ N/A _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes   ☒ No

   If your answer is no, explain why not Defendants have intentionally prevented Plaintiff from Exhaustion by failing to respond to the first and primary grievance (see Exhibits One through Six). Plaintiff filed four subsequent grievances to attempt to complete Exhaustion. Defendants failed to follow the proper sequence of the grievance process.

4. Please attach copies of papers related to the grievance procedure. (See Exhibits One through Six post)

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __GERALD ASHFORD an individual__

(print plaintiff's name)

who presently resides at __California Institution for Men, P.O. Box 500, Chino, CA. 91708__,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

__California Institution for Men in Chino, Calfiornia__

(institution/city where violation occurred)

[Pg.2 of 30]

on (date or dates) <u>Multiple COA's and dates see Factual Allegations at Pg.s 13 thought 19.</u>

‎      (Claim I)                              (Claim II)                              (Claim III)

**NOTE:**  You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  <u>LARRY CAIN</u> _____ resides or works at
‎   (full name of first defendant)

‎        <u>14901 Central Ave., Chino, CA. 91710</u>
‎   (full address of first defendant)

‎        <u>Correctional Plant Manager</u>
‎   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

<u>LARRY CAIN acted under Color of Law when he failed to maintain the prison grounds in</u>
<u>in a safe and adequately maintained condition.</u>

2.  Defendant  <u>Dr.T.LEE</u> _____ resides or works at
‎   (full name of first defendant)

‎        <u>14901 Central Ave., Chino, CA. 91710</u>
‎   (full address of first defendant)

‎        <u>Chief Physician and Surgeon ("CPS")</u>
‎   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

<u>CPS T.LEE was acting under of law when he failed to provide a medically safe and</u>
<u>habitable conditions of confinement for High Risk Medical ("HRM") patients under his care</u>

3.  Defendant  <u>B.CASTORENA</u> _____ resides or works at
‎   (full name of first defendant)

‎        <u>14901 Central Ave., Chino, CA. 91710</u>
‎   (full address of first defendant)

‎        <u>American with Disabilities Act ("ADA") Coordinator</u>
‎   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

<u>B.CASTORENA acted under color of law by knowingly failing to provide reasonably safe</u>
<u>HRM patient housing in compliance with both State and Federal ADA standards for visually</u>
impaired and disabled HRM patients.

4.  Defendant  C.MURATET _____ resides or works at
                (full name of first defendant)

         14901 Central Ave., Chino, CA. 91710 _____
         (full address of first defendant)

         Armstrong Remedial Plan ADA Coordinator _____
         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

C.MURATET acted under color of law when failed to complete his duties for evaluation,
execution and completion of urgent safety repairs that caused harm and injury to HRM
disabled ADA patients.

5.  Defendant  T.NESBITT _____ resides or works at
                (full name of first defendant)

         14901 Central Ave., Chino, CA. 91710 _____
         (full address of first defendant)

         Health Care Compliance Analyst _____
         (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

T.NESBITT was acting under color of law when he failed in his mandatory duty to provide
reasonably safe and habitable housing units in violation of the Elder Abuse Act et al.

6.  Defendant T.Kerr _____  resides or works at
               full name of Sixth Defendant

         14901 Central Ave., Chino, CA. 91710 _____
         (full address of sixth defendant)

         Grievance Coordinator CIM _____
         (Defendant's position ant tile, if any)

The Defendant is sued in his/her (check one of both) X Individual _ Official Capacity.

Explain how this defendant was acting under color of law:

T.KERR acted under color of law by knowingly failing to follow proper grievance

procedures.  Including wrongly and falsely transforming Plaintiff's March 18, 2021

grievance into a unsigned and fabricated March 24, 2021 Accommodation Request.

CV-66 (7/97)

**D. CLAIMS***

<b>CLAIM I</b>

The following civil right has been violated:

Please see Civil Rights Violations at Pages 19-29 at Formal Pleading Post

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Please see Factual Allegations at Pages 13-19 at Formal Pleading Post

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

[Pg.5 of 30]

CV-66 (7/97)                              CIVIL RIGHTS COMPLAINT

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Please see Request for Relief at Pages 29-30 at Formal Pleading Post

I, GERALD ASHFORD, the undersigned say: I am the Plaintiff in this Civil Rights action. I declare under penalty of perjury under the law of the United States of America that all allegations and statements in this 30 page Civil Rights Complaint are true and correct, except as to matters that are stated on information and belief, and as to those matters, I believe them to be true.

November 14, 2022 —
*(Date)*

GERALD ASHFORD    *(Signature of Plaintiff)*

CV-66 (7 97)                          CIVIL RIGHTS COMPLAINT

## § 1983 & ADA COMPLAINT TABLE OF CONTENTS

|  |  | Pg. No. |
|---|---|---|
|  | FRCP - FORM CV-66 Pro Se' Complaint. | 1-6 |
|  | REQUEST OF IN FORMA PAUPERIS | N/A |
|  | TABLE OF CONTENTS. | 7 |
| I. | INTRODUCTION (FORMAL PLEADING) | 8 |
| II. | JURISDICTION AND VENUE | 9 |
| III. | PARTIES. | 9-11 |
|  | INTRA-DISTRICT ASSIGNMENT. | N/A |
| IV. | FACTUAL ALLEGATIONS. | 11 -19 |
| V. | CAUSES OF ACTION ("COA") | 19-29 |
|  | A.  FIRST COA - 42 U.S.C § 1983. | 19-21 |
|  | B.  SECOND COA - Cal.Civ.Code § 52.1 - Bane Act. | 21-23 |
|  | C.  THIRD COA - Title II ADA and Rehbilitation Act ("RA"). | 23-27 |
|  | D.  FORTH COA - Cal.Welf. & Inst. Code § 15600-Elder Abuse. | 27-28 |
|  | E.  FIFTH COA - Declaratory & Injunctive Relief. | 28-29 |
| VI. | REQUEST FOR RELIEF & CONCLUSION. | 29-30 |
| *** | EXHIBIT LIST POST AT [ i ] |  |

[Pg. 7 of 30]

GERALD ASHFORD T-31688
CIM-A5 MH-120 L
P.O. Box 500
Chino, CA. 91708

Petitioner in Pro Se'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GERALD ASHFORD,

        Plaintiff

   -vs-

JAMES HILL et al.,

      Defendants

Case No. 5:22-cv-00846-SSS-KES

FIRST AMENDED COMPLAINT
WITH EXHIBITS ONE THROUGH
EIGHT IN SUPPORT

Date : Nov. 15, 2020
Time : at will
Judge: Hon. SS Sykes
Dept.: at will

## I.  INTRODUCTION

(1).  This is a Civil Right Complaint for Declaratory relief and monetary damages brought over failure to maintain the prison grounds in a safe and reasonable condition for the disabled High Risk Medical (HRM) patients pursuant Federal and State law.  The Defendants violated Plaintiff's State constitutional right including the Bane Act by advancing racially motivated discrimination, intimidation and coercion while Plaintiff was incarcerated at the California Institution for Men (CIM).  At the time of the incidents the following Defendant officers and individuals were the responsible parties for Plaintiff's on-going injuries, harm and depravation of Civil and Constitutional Rights.

[Pg.8 of 30]

## II.   JURISDICTION AND VENUE

(2).   This Civil Rights action under 42 U.S.C. § 1983 is advanced to redress the depravation under Color of State law of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1341.

(3).   This Court additionally has jurisdiction over Plaintiff's action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Fed.R.Civ.P.   Plaintiff further invokes this courts supplemental jurisdiction pursuant to Civil Procedure 28 U.S.C. § 1367(a), to hear and decide claims arising under State Law.

(4).   Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred at CIM, in the Central District of California.

## III.   PARTIES

(5).   Defendant Larry Cain was at all relevant times the Correctional Plaint manager and is sued herein in his individual capacity.   Cain was responsible for personally completing the repairs to the damaged sidewalk before and after the injuries occurred.   Cain's ongoing misconduct continues to assure unsafe, illegal and excessively hazardous conditions of confinement at CIM A-Facility.

(6).   Defendant T.LEE was at all times relevant times the Chief Physician and Surgeon at CIM and is sued herein in his individual capacity.   LEE was personally responsible for ongoing provision of reasonable and medically safe conditions of confinement for the HRM patients at CIM.

[Pg.9 of 30]

1  (7).  Defendant B.CASTORENA was at all relevant times the CIM A-Facility

2  Facility ADA Coordinator and is sued herein in his individual capacity,

3  B.CASTORENA was personally responsible for ongoing provision of a

4  reasonably safe housing condition in compliance with ADA standards for

5  visually impaired HRM patients.

6  (8). Defendant C.MURATET was at all relevant times the Armstrong Remedial

7  plan ADA Coordinator at CIM and is sued herein in his individual capacity.

8  C.MURATET was personally responsible for evaluation, execution and

9  completion of urgent safety repairs the lack of which caused harm and

10  injury to disabled and visually impaired African American HRM patients,

11  including Plaintiff.

12  (9).  Defendant T.NESBITT was at all relevant time the Health Care

13  Compliance Analyst at CIM A-Facility and is sued herein in his individual

14  capacity.  T.NESBITT was personally responsible for the ongoing provision

15  of reasonably safe and habitable housing units.  This includes timely (On

16  or before January 1, 2021) completion of safety modifications to the A-

17  Facility housing units so that African American HRM patients who are 60,

18  70, and 80+ years old, many with serious medical conditions, are not

19  subjected to frequent and sometimes daily excessive heat exposure as a

20  form of discrimination to African Americans living in the housing units on

21  A-Facility including failure to Timely (prior to January 1, 2021) install

22  ambient air cooling in each housing unit, even though funding for these

23  cooling units had been received by multiple Wardens for multiple cooling

24  projects which were intentionally delayed so the funds could be

25  intentionally misappropriated.

26  (10).  Defendant T.KERR was at all relevant times the Grievance

27  Coordinator at CIM A-Facility and is sued herein in his/her individual

28                          [Pg.10 of 30]

1 capacity.    T.KERR was personally responsible for wrongly and falsely

2 transforming Plaintiff's March 18, 2021, grievance (CDCR form 602-1) into

3 a unsigned and fabricated March 24, 2021 (CDCR form 1824) Accommodation

4 Request (See: Ex.2).    T.KERR and other unidentified DOE grievance

5 coordinators were personally responsible for mistakes, failing to follow

6 the necessary sequence of appeals and other grievance processing errors,

7 including falsification of state records, which excused Plaintiff from

8 exhausting his administrative remedies as Plaintiff took reasonable,

9 diligent and appropriate steps to exhaust his claims but was precluded

10 from doing so by the mistakes of one or more grievance officials.

11  (11).  At all times mentioned herein, the Defendants, and each of them,

12 were employees of the CDCR at CIM.

13                          IV. FACTUAL ALLEGATIONS

14  (12).  On February 23, 2021, Plaintiff, a severely visually impaired and

15 CDCR qualified and confirmed Americans with Disability Act (ADA) disabled

16 HRM patient, suffered two broken fingers when he tripped and fell on

17 Correctional Plant Manager Larry Cain's previously inspected severely

18 unmaintained, broken, uneven and unsafe walkway at CIM A-Facilities Laguna

19 Hall (aka. building A-7).  On or about March 10, 2021, L.CAIN, B.CASTORENA

20 and C.MURATET personally inspected the broken and hazardous unmaintained

21 housing conditions, which were both a causative and contributing factor in

22 Plaintiff's injuries.    Both CAIN & CASTORENA personally knew of the

23 excessive risk to visually impaired inmates and disregarded that excessive

24 risk which caused the harm.  Both CAIN & CASTORENA had personal knowledge

25 that the injury would not have happened but for the Plaintiff's

26 disability, and both were aware of previous injuries (See: Ex.8).

27

28                          [Pg.11 of 30]

(13).  On February 24, 2021, after an X-Ray of Plaintiff's two fractured fingers, Plaintiff had a splint placed on his hand and fingers in an attempt to properly set Plaintiff's two fingers.    Defendant Nurse Practishioner DOE #1 and Doctor DOE #2 knew or should have known that Plaintiff was suffering from fractured fingers and that a temporary splint was improper malpractice and should not have been used for two fractured fingers.  This is true especially after Plaintiff directly asked for the proper and less painful medical care and was ignored.

(14).  On or about March 27, 2021 Nurse Practishiner DOE #1 and Doctor DOE #2 improperly placed a hard cast on Plaintiff's hand and fingers.  I told both DOE #1 and DOE #2 that the cast was crooked, not straight and out of alinement and continued to cause unnecessary and wanton inflection of pain, and based on my race, both DOE #1 and DOE #2 ignored me. Plaintiff's fingers and hand continue to be painful as the fingers have healed improperly and out of place Nurse Practishner  DOE # 1 and Doctor DOE # 2's failure to complete a proper cast.  I told DOE # 1 and  DOE # 2 that the cast was set wrong and they did nothing to remedy the problem.

(15).  On or about March 27, 2021, CIM ADA Coordinator B.CASTORENA in concert with T.LEE took adverse action, retaliated, coerced and punished Pnlaintiff for speaking out and exercising his First Amendment right to file the March 18, 2021 grievance (accepted for grievance processing on March 24, 2021) by transferring/ moving Plaintiff from Laguna Hall (A-2) to Joshua Hall (A-6) and then to Mariposa Hall (A-5).   The adverce transfer action chilled my first amendment rights because Joshua Hall and Mariposa Hall are more access restricted to the yard gates are locked more and the building A-6 is full of disabled and wheel chair bound elderly inmates who can't clean their living areas (smelly) so these two buildings that house more of the elderly and disabled are stinky, more restricted,

1  thus the adverse action is additional and punitive punishment to be housed

2  there.   Instead of fixing the problem  L.CAIN & C.MURATET both choose to

3  do nothing and engage in adverse action to punish the victim then failed

4  to correct the ongoing unsafe and unmaintained housing condition including

5  failure to install any building cooling in any of the eight housing units

6  to safely house HRM patients with cardiac and other HRM serious patient

7  conditions, this when CIM has been in receipt of A-Facility cooling funds

8  since January 2020.

9   (16). On or about April 22, 2021, Armstrong Remedial Plan ADA Coordinator

10  C.MURATET personally and intentionally failed to submit warranted remedial

11  repair plans to cure the cracked, uneven and unsafe walking surface at CIM

12  A-Facility Laguna Hall aka. building A-7 including at any time after April

13  22, 2021.  The repair plans were intentionally omitted even after two or

14  more other inmates have been injured on the same cracked, damaged and

15  unsafe walkway at Laguna Hall (See Ex.8.)   C.MURATET personally failed to

16  protect the visually impaired African American HRM patient from excessive

17  heat exposure which caused dizziness and lightheadness and this ongoing

18  excessive risk to Plaintiff which impacts Plaintiff's vision impairment,

19  his balance, and contributed to the excessive risk and unsafe, unlawful

20  and unmaintained substandard conditions of confinement at CIM, and is

21  ongoing.   It is common and expert confirmed knowledge that long term

22  exposure to excessive heat causes substandard cardiac function which

23  dramatically and negatively effects one's vision,  CAIN & MURATET had

24  direct knowledge of ASHFORD'S injuries and did nothing.

25  (17).   On or about April 23, 2021, Health Care Compliance Analyst

26  T.NESBITT retaliated and took adverse action against Plaintiff by

27  forcefully transferring and coercing Plaintiff based on Plaintiff's

28  African American race into a bed move to Mariposa Hall because of his race

[Pg.13 of 30]

1   and grievance (Log # 101258) requesting that serious health care and

2   maintenance safety issues by corrected including the lack of ambient air

3   cooling in any housing unit, which currently house many 60+, 70+ and 80+

4   year old HRM patients, many with serious heat impacted HRM patient issues

5   including Cataracts and Glaucoma etc...

6   (18). On or about April 24, 2021 Grievance Coordinator T.KERR personally

7   met with Plaintiff at the A-Facility Medical Office and because he was an

8   African American provided Plaintiff with a unsigned, unrequested and

9   fraudulent CDCR 1824 Reasonable Accommodation Request that included a

10  Reasonable Accommodation Panel (RAP) request response (See Ex.2). This

11  unconstitutional misconduct made my Administrative Remedies unavailable.

12  Plaintiff informed T.KERR that Plaintiff did not sign or request an

13  Accommodation, but only a formal grievance for damages and remediation

14  (See: Ex.1). T.KERR responded that in addition to the unrequested 1824

15  RAP report Plaintiff would also receive a First Level Review response to

16  the grievance (Log # 101258) within 30 days. No First Level Response

17  (FLR) or claim decision was ever received by Plaintiff after multiple

18  requests and grievances requesting same, which made Administrative

19  remedies unavailable and was specifically directed at African Americans

20  inmates.

21  (19). On June 9, 2021, (after Plaintiff waited 45 dates with no FLR or

22  appeal decision, when other non-African Americans are issued timely

23  responses) Plaintiff then issued a separate grievance, (See Ex.3) which

24  was assigned the log # 127558, and simply requested the CIM Appeals

25  Coordinators issue a required FLR of appeal decision to the appeal

26  submitted on March 18, 2021 aka Log # 101258.

27  (20). On June 11, 2021 T.KERR and Appeal Coordinator DOE #3 & #4

28

[Pg.14 of 30]

1  issued a mistaken or false appeal decision based on his African American

2  race wherein the response states "CLOSURE OF GRIEVANCE". This illegal and

3  racist misconduct made Administrative Remedies unavailable. This response

4  when, paragraph two clearly states "Your request will be addressed by

5  appropriate staff at CIM as determined by the Reviewing Authority". Other

6  non-African American's are not treated like this. Additionally, the June

7  11, 2021 Office of Grievances (OOG) Acknowledgment also falsely or

8  mistakenly claims that your grievance has been reviewed "and is outside

9  the scope of the grievance process" (See: Ex.3). This illegal and

10 racially motivated misconduct does not happen to non-African American

11 inmates and demonstrates that Administrative Remedies were unavailable to

12 African Americans. The response does not state why it "will not be

13 addressed" or why, if it is "outside the scope of the grievance process,"

14 clearly advancing serious mistakes or falsities in violation of 15 CCR §

15 3084.1(a), especially when only directed to parties of the African

16 American race. This rule clarifies that an inmate "may appeal any policy,

17 decision etc... (emphasis added).

18 (21). On July 7, 2021, Plaintiff issued a 2nd separate grievance

19 assigned log # 136710 (See: Ex.3) addressing the same issue, not issuing a

20 FLR or appeal response on grievance Log # 101258 submitted by Plaintiff on

21 March 18, 2021, see (Ex.1)  On July 8, 2021, CIM OOG issued an adverse

22 action and issued a "CLOSURE OF GRIEVANCE" rejection with multiple errors,

23 mistakes and false statements including: 1) "NOS is being rejected", the

24 OOG did not identify what a NOS is; 2) The OOG claims that grievance is

25 concerning "Offender Resources"and "Other Resources". the grievance is not

26 about resources but is regarding CIM's OOG failing to issue a FLR on the

27 original grievance (Log # 101258); 3) The CIM OOG also erroneously claims

28

[Pg.15 of 30]

1  that an "appeal regarding regulations and process is not allowed". These
2  multiple mistakes and false statements prevented Plaintiff from exhausting
3  remedies which were clearly made unavailable to only African Americans as
4  Defendants thwarted Plaintiff from taking advantage of a grievance process
5  based on race through Machination, Misrepresentation and Intimidation as
6  well as additionally violated CCR 3084.1(a) and and inmate "may appeal <u>any</u>
7  policy, decision etc... (<u>Emphasis added</u>). These adverse actions were
8  taken because I engaged in conduct protected by the First Amendment, this
9  conduct chilled my First Amendment rights and because it was specifically
10 directed at my African American heritage the adverse action served no
11 legitimate penological purpose.

12  (22). On August 3, 2021, Plaintiff Received the improper CLOSURE OF
13 GRIEVANCE" on Log # 136710 (See: Ex. 4.) DOE Defendants wrongly claimed
14 that Plaintiff received the grievance clasure response on July 8, 2021.
15 Plaintiff did timely reply within 30 days of receipt of the grievance
16 closure notice. The untimeliness argument for closure of appeals is
17 improper because the Title 15 Rules of Construction (See: 15 CCR §
18 3000.5(f),) which clearly states the time limits are merely directory,
19 "and the failure to meet them does not preclude taking the specified
20 action beyond the time limits." this is further evidence that African
21 Americans are discriminated against as the timeliness argument is clearly
22 false and only directed at to blacks. Yet CDCR OOG DOES #5 and #6
23 rejected the NOS and DOES #3 & #4 failed to identify what a NOS is,
24 intending to misrepresent and coerce, which is contrary to common
25 abbreviation usage in the English Language. This misconduct is again
26 clearly directed at African Americans who generally have less abbreviation
27 knowledge.

28                         [Pg.16 of 30]

1   (23).   On or about August 21, 2021, on information and belief Plaintiff
2   was retaliated against by Defendants T.LEE and B.CASTORENA and other DOES
3   #5 and #6 CIM medical staff for filing grievances including Log # 101258
4   (filed on March 18, 2021); Log # 127558 (filed on June 9, 2021); Log #
5   136710 (filed on July 7, 2021.) Prior to August 21, 2021, Plaintiff was
6   receiving routine specialist medical care at Riverside County Hospital for
7   both his Neovascular Glaucoma and Cataracts.   Dr.T.LEE in concert with
8   B.CASTORENA both took adverse action and conspired to retaliate and punish
9   Plaintiff for seeking additional medical care for his two broken fingers
10  when DOE defendants discontinued Plaintiff's outside doctor/specialist
11  medical care and took additional adverse action against Plaintiff by
12  providing substandard Cataract and Glaucoma treatment by switching
13  Plaintiff to on-site and substandard CIM doctors who continue to advance
14  medical adverse action against plaintiff for seeking redress of grievances
15  by failing to provide Special Medical Consideration for a patient who has
16  both Glaucoma and Cataracts.   Plaintiff/HRM patient was (prior to the
17  grievance filing) receiving outside specialist medical care and now after
18  the filing of multiple grievances is receiving none. As as result of the
19  retaliatory   and   adverse   action   misconduct   including   a   clearly
20  impermissible racial motive documents selective enforcement of the law
21  with no rational basis for the defendants acts.   Plaintiff/patient has
22  been denied Cataract surgery (after a specialist recommended surgery)
23  which may be combined with Glaucoma surgery, which was also recommended by
24  the eye specialist which may decrease the patients need for Glacoma eye
25  drops or improve eye pressure control without significantly increasing the
26  risk of surgery in most cases.
27
28                          [Pg.17 of 30]

(24). On or before August 21, 2021, Plaintiff was being considered for
combined Cataract and Glaucoma surgery. Now the DOE Doctor #7 has
perscribed patient with the medication Vyzulta .024% for temporary
Glaucoma and as most medical experts confirm, the medication increases the
risk of surgery in most cases. This prescription served two functions: 1
to adversely punish Plaintiff for being of the African American race; 2)
by issuing a medication which makes surgery more dangerous the DOE
defendants avoid the financial burden of providing basic medical care to
the visually impaired Glaucoma and Cataract patient who is African
American.

(25). On December 19, 2021, Plaintiff submitted a Due Diligence appeal
to the DOE officers at the Sacramento CDCR OOG office including to analyst
E.Munguia (See Ex.5) praying that the Sacramento CDCR OOG DOES #7 & #8
would instruct the CIM OOG, DOES #9 & #10 to issue a First Level Response
(FLR) on the original March 23, 2021 appeal. No appeal response was ever
issued from the Sacramento CDCR OOG DOES supporting racial animus. This
misconduct shows this evil intent with no rational basis. The ongoing
selective enforcement of the appeal law was clearly a pretext for a
impermissible racial or other improper motive or bias.

(26). On April 28, 2022 Plaintiff again submitted a second due diligence
appeal to DOES #7 & #8 in the Sacramento OOG office and have yet to hear
if they will order the CIM OOG DOES #9 & #10 to issue a FLR (See; Ex.6).

(27). On April 17, 2021 Defendants LARRY CAIN, B.CASTORENA, C.MURATET
and T.NESBETT did personally know of and disregarded the excessive risk to
Plaintiff's health and safety when he was exposed to excessive heat
thereby causing Plaintiff's medical condition to become worse when they
coerced, intimidated and retaliated against Plaintiff based on African

[Pg.18 of 30]

1  American racially motivated animus by taking personal adverse action by

2  transferring plaintiff from Laguna Hall to Joshua Hall and then to

3  Mariposa Hall.   Instead of LARRY CAIN repairing the ADA path of travel

4  violations and the deadly substandard cooling ADA 8th Amendment violations

5  that LARRY CAIN personally choose to subject Plaintiff to including

6  ongoing cruel and unusual punishment inflected upon Plaintiff because of

7  his grievance which included racial animus toward African Americans.

8  (28).  Defendants T.LEE and T.NESBIT and DOES #1 & #2 knew or should have

9  known that placing a mere splint on Plaintiff's two fractured fingers are

10  wrongly waiting 18+ days to place a cast on the broken fingers would have

11  caused pain, suffering, long term disfigurement, deformity, tightness

12  making it difficult to grip as one of Plaintiff's fingers has healed

13  wrongly and Plaintiff continues to experience pain and numbness as a

14  result of the failure to cease and desist from retaliation and medical

15  discrimination, including racial animus against African Americans directly

16  perpetrated by Defendants T.LEE and T.NESBIT on or about August 21, 2021.

17                     V. CAUSES OF ACTION

18                   A.  FIRST CAUSE OF ACTION
        (42 U.S.C. § 1983, Eighth Amendment to U.S. Constitution)
19     PLAINTIFF AGAINST DEFENDANT CAIN, LEE, CASTORENA, MURATET
                     NESBITT, KERR and DOES 1-20
20
21  (29).  Plaintiff re-alleges and incorporates by reference the allegations

22  contained in this complaint, as though fully set forth herein.

23  (30).  Defendants L.CAIN, T.LEE, B.CASTORENA, C.MURATET, T.NESBITT and

24  T.KERR violated Plaintiff's right to be free from cruel and unusual

25  punishment guaranteed to Plaintiff by the Eighth Amendment of the United

26  States Constitution by Defendants actions of intimidation, coercion,

27  discrimination and other violations of law against Plaintiff.

28                     [Pg.19 of 30]

(31).  Defendant L.CAIN, T.LEE, B.CASTORENA, C.MURATET, T.NESBITT and
T.KERR violated Plaintiff's right to be free from cruel and unusual
punishment guaranteed to the Plaintiff by the Eighth Amendment of the
United States Constitution including direct actions by each defendant.

(32).  Defendants wrongful actions alleged herein are in violation of 42
U.S.C. § 1983 because they each personally deprived Plaintiff of rights
benefits, and privileges secured by the United States Constitution and the
California State Constitution as well as statutory violations.

(33).  Defendants L.CAIN, T.LEE, B.CASTORENA, C.MURATET, T.NESBIT AND
T.KERR each personally knew or should have known that their conduct,
attitudes, and actions directed at an African American created an
unreasonable risk of serious and continuing harm to Plaintiff based on
race and unreasonable denial of a safe housing environment.

(35).  The actions and conduct of Defendant L.CAIN, T.LEE, B.CASTORENA,
C.MURATET, T.NESBITT and T.KERR demonstrate deliberate indifference to
Plaintiff's Eighth Amendment rights.

(36).  As a proximate result of the defendant's violation of Plaintiff's
right to be free from cruel and unusual punishment while he was housed at
CIM, Plaintiff has suffered, is suffering, and will continue to suffer
irreparable harm an injury.

(37).  As a direct result of the defendant's violations of the Eighth
Amendment, Plaintiff as suffered, is suffering and will continue to suffer
physical injuries in the form of damage to his left hand and two
previously fractured fingers, trouble gripping, fear and emotional
distress due to continuing improper denial of surgery to correct his
eyesight, loss of eyesight, cardiac harm due to long term and excessive
heat exposure, problems with balance during excessive heat exposure

1 episodes and other ongoing injuries. Both CAIN & LEE had direct knowledge
2 and did nothing.

3 (38).    As a direct and foreseeable result of the defendant's violations
4 of the Eighth Amendment, Plaintiff has suffered, is suffering and will
5 continue to suffer injuries in the form of pain and suffering, shame,
6 humiliation, degradation, emotional distress, embarrassment, mental
7 distress and other injuries.

8 (39).    An actual controversy exists between Plaintiff and Defendants
9 concerning their rights, privileges and obligations.

10 (40).    Defendants L.CAIN, T.LEE, B.CASTORENA, C.MURATET, T.NESBITT and
11 T.KERR'S acts were willful, intentional, malicious, wanton, and despicable
12 in conscious disregard to Plaintiff's rights, entitling Plaintiff to an
13 award of exemplary damages.

14
                        B.  SECOND CAUSE OF ACTION
                (Threats, Intimidation, Coercive Choice and Discrimination)
15              (Violation of Civil Code §  52.1 Under California's Bane Act)
                 PLAINTIFF AGAINST DEFENDANTS CAIN, LEE, CASTORENA, MURATET
16                      NESBITT, KERR and DOES 1 through 20 Inclusive)

17 (41).  Plaintiff's re-allege and incorporate by reference the allegations
18 contained in this Complaint, as though fully set forth herein,

19 (42).    By their acts, omissions customs, and policies, Defendants CAIN,
20 LEE, CASTORENA, MURATET, NESBITT, KERR and DOES 1 though 20, acting in
21 concert/conspiracy, as described above, and with threat, intimidation,
22 coercive choice and/or with reckless disregard for their mandatory duty,
23 violated Plaintiff's rights under the California Civil Code § 52.1 and the
24 following clearly established rights under the United States Constitution
25 and the California Constitution and statutory laws:

26 a.  Plaintiff's right to be free of deliberate indifference and coercive
        choice to his safety and serious medical needs while in custody as an
27      inmate, as secured by the Eighth Amendment to the United States
        Constitution, Article 1, § 17; and,

28

b. Plaintiff's right to be free from being forced via intimidation and coercive choice to transfer to another non-ADA compliant housing unit so as to avoid living in the Laguna Hall housing unit which still has not been brought to ADA safety and security standards as secured by the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; and,

c. Plaintiff's right to have and be housed in a safe ADA compliant housing unit which is of equal quality as compared to other HRM patients in other HRM institutions; and,

d. Plaintiff's right to be free from intimidation, coercive choice and retaliation which resulted in inferior and substandard treatment of Plaintiff's Glaucoma and Cataract medical condition by being wrongly denied a needed surgery to correct Plaintiff's serious lack of vision condition when other non-African American patients with the same of similar medical condition are provided the surgery, but not blacks.

(43).  Defendants racially motivated violations of Plaintiff's rights with deliberate indifference in and of themselves constitute violations of the Bane Act.  Alternatively separate from, and above and beyond, Defendants' attempted interference, with and in violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct among other conduct, constitution threats, intimidation, coercion, including coercive choice based on race:

1. Intentionally and with deliberate indifference to place Gerald Ashford at a highly increased risk to injury and harm in being housed in a Non-ADA compliant housing unit, based on racial animus, while he, as a black inmate is powerless to freely act to protect himself and mitigate that risk; and,

2. Defendants intentionally and with deliberate indifference, failed to timely and properly set Plaintiff's broken fingers into a cast and ignored Plaintiff's pain concerns that his cast was improperly set: and,

3. Defendants intentionally and with racially motivated deliberate indifference negatively modified Plaintiff's medical care (denial of Cataract surgery) as retaliation for filing grievances by a black man.

(44).  To the extent this claim is based on a violation of Plaintiff's rights, it is asserted as a coercive choice claim in violation of

[Pg.22 of 30]

1  California Civil Code § 52.1 and of Plaintiff's rights under the United

2  States and California Constitutions and law.  Plaintiff sustained injuries

3  and damages, and against each Defendant named in this Count are entitled

4  to relief as set forth above, in ¶¶12-28 and Punitive damages against all

5  individual Defendants, and all damages and penalties allowed by California

6  Civil Code §§ 52 and 52.1 and California Law, including three times actual

7  damages, and attorneys' fees.

8                        C.  THIRD CAUSE OF ACTION
                    (Violation of the ADA "Title II" and the RA)
9                     (42 U.S.C. § 12132 & 29 U.S.C. § 794)
              PLAINTIFF'S AGAINST DEFENDANT'S CAIN, LEE, CASTORENA,
10                    MURATET, KERR, and DOES 1 through 20

11     (45).    Plaintiffs  re-allege  and  incorporate  by  reference  the

12  allegations contained in this complaint, as fully set forth herein.

13     (46).    Title II of the ADA prohibits discrimination on the basis of

14  disability or race by public entities, which are Act broadly defines as

15  "any   department,   agency.   special   purpose   district,   or   other

16  instrumentality of a State or States or local government[.] 42 U.S.C. §

17  12132(1)(B).   Similarly, § 504 of a department, agency, special purpose

18  district, or other instrumentality of a State or of a local  government,"

19  29 U.S.C. § 794(b). Defendant employees of the STATE OF CALIFORNIA, CDCR,

20  and CIM are covered entities and parties for purposes of enforcement of

21  the ADA, 42 U.S.C. § 12181(7)(F), and the Rehabilitation Act, 29 U.S.C. §

22  794, pursuant to the regulations promulgated under each of these laws.

23  Further, on information and belief, Defendants as employees of the STATE

24  OF CALIFORNIA, CDCR, and CIM receive federal assistance and funds.

25  Defendants employees of the STATE are also within the mandate of the RA so

26  that no person with a disability may be "excluded from the participation

27  in, be denied the benefits of, or be subjected to discrimination under any

28  program or activity." 29 U.S.C. 794.

(47).   Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities: and that such forms of discrimination continue to be a "serious and pervasive social problem" 42 U.S.C. § 12101(a)(2).

(48).   Title II of the ADA provides; "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. "42 U.S.C § 12132.   Discrimination under the ADA and RA includes not, e.g., denial of benefits and services, but also a failure to provide a reasonable accommodation (also known as a reasonable modification ) for an individual's disability.

(49). Defendant employees of CDCR and CIM are further mandated under the ADA not to utilize standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, 42 U.S.C. § 12182(b)(D)(i).   Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," 42 U.S.C. § 12182(b)(2)(A)(ii).

(50).   At all material times, as a person who is (1) 63 years old; (2) visually impaired and a Glaucoma & Cataract patient.   Plaintiff GERALD ASHFORD was a "qualified individual" with documented medical impairments that hindered and/or substantially limited his ability to care for himself and control his mental, medical, or physical health conditions as defined under the ADA 42 U.S.C. § 12131(2), and under Section 504 of the

[Pg.24 of 30]

1  Rehabilitation   Act (RA) of 1973, 29 U.S.C. § 794 C.F.R. 42.540(k).

2  Though their employees and agents, Defendants CAIN, LEE, CASTORENA,

3  MURATET, NESBITT and KERR had extensive personal knowledge of Plaintiff's

4  disabilities.

5  (51). As a qualified [disabled] individual, "Defendants were required

6  to make reasonable accommodation for GERALD ASHFORD'S disabilities and

7  provide access to medical services and other appropriate cooling services

8  while he was in custody as an inmate, GERALD ASHFORD'S status as a

9  qualified disabled person also required Defendants CAIN, LEE, CASTORENA,

10  MURATET, NESBITT and KERR to not engage in discrimination based on

11  disparate treatment or impact to disabled persons like Mr.ASHFORD.

12  (52). Defendants discriminated against GERALD ASHFORD by failing to

13  place him in a setting, and/or failing to provide appropriate services, to

14  reasonably accommodate his disability and HRM treatment needs.

15  Defendants' failure to accommodate GERALD ASHFORD'S disabilities in the

16  course of this incarceration caused him to suffer injury and indignity in

17  that process that other non-disabled inmates did not.

18  (53). Further, Defendant employees of CDCR and CIM, on behalf of the

19  STATE OF CALIFORNIA, completely denied GERALD ASHFORD benefits, medical or

20  other services, or accommodations for his disabilities, thereby placing

21  him at a more acute risk for experiencing more severe symptoms during the

22  fractured fingers episode than non-disabled inmates who were receiving ADA

23  compliant path of travel access and reasonable and equal housing cooling

24  access and services.

25  (54). Because of the aforementioned acts and omissions of the

26  individual Defendants and others, working as employees and/or agents of

27  Defendants who intentionally left GERALD ASHFORD unable to utilize many

28

[Pg.25 of 30]