UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ASHFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES HILL, et al.,<br><br>　　　　　Defendants. | Case No. 5:22-cv-00846-SSS-KES<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation ("R&R") of the United States Magistrate Judge. [Dkt. 35]. Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections [Dkt. 38] have been made.

　　　　Plaintiff's objections do not warrant a change in the Magistrate Judge's findings and recommendation, for the following reasons.

　　　　As an initial matter, Plaintiff requests appointment of counsel for his claims involving excessive heat and contaminated water. [Dkt. 38 at 1]. When determining whether "exceptional circumstances" exist to warrant the appointment

of counsel, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Viewing these considerations together, appointment of counsel is not warranted at this time. Plaintiff "has not demonstrated a likelihood of success on the merits," and he has not demonstrated any difficulty "in attempting to litigate his case derived from the complexity of the issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff objects to the R&R's dismissal of his "walkway claims," arguing that his allegations must be taken as true. [Dkt. 38 at 3]. While it is true that "a court must accept as true all of the allegations contained in a complaint[,]" the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The R&R properly concluded that Plaintiff's allegations did not state an Eighth Amendment violation because he "has not alleged facts showing that the walkway posed an unreasonable risk of harm" or that "Defendants knew it posed such a risk." [Dkt. 35 at 10].

Plaintiff further objects, as to his walkway claims, that the failure to maintain the prison's infrastructure was part of a policy or custom under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). [Dkt. 38 at 4-6]. But Plaintiff has not sufficiently alleged a policy or custom relating to prison walkways. Although Plaintiff alleges a history of failing "to maintain the Institution as a matter of course" [Dkt. 38 at 5-6], this alleged history is insufficiently specific to raise an inference of an unlawful policy or custom relating to walkways. *See Hyun Ju Park v. City and County of Honolulu,* 952 F.3d 1136, 1142 (9th Cir. 2020) (requiring "a pattern of prior, similar violations of federally protected rights, of which the relevant policy makers had actual or constructive notice" to state a *Monell* claim); *see also Martinez v. Nueces, County, Texas*, 71 F.4th 385, 389 (5th Cir. 2023)

(holding that an allegation of a policy or custom of failing to protect inmates' medical needs in prison requires a "pattern of examples" that display "similarity" and "specificity").

Moreover, leave to amend a *Monell* claim with further allegations relating to the prison walkways is not warranted. Plaintiff has been afforded two prior opportunities to amend his Complaint to allege a constitutional violation relating to the prison walkways. [Dkt. 17; Dkt. 23]. He still has not sufficiently alleged an underlying constitutional violation, which is required to state a *Monell* claim against the local government. *Monell*, 436 U.S. at 690-91; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*). Because Plaintiff already has had multiple opportunities to state a claim relating to the prison walkways, he will not be afforded another opportunity to amend the claim under a *Monell* theory. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (recognizing that "a district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint. . . .'") (quoting *Mir v. Forsburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

Plaintiff objects, as to his water claims, that he has sufficiently alleged constitutional violations based on contaminated water that contained chemicals exceeding the amount permitted by law. [Dkt. 38 at 11]. He has submitted, with his Objections, a 2016 lead sample analysis and a 2018 nitrate sample analysis. [*Id.* at 18-20]. These submissions, however, do not raise an inference under the Eighth Amendment's objective prong that the water was an inhumane condition of confinement. The 2016 lead sample analysis says nothing about whether Plaintiff had access to any of that water or about the current level of lead in the water. The presence of lead in the water at a prison, by itself, is not necessarily an inhumane condition of confinement. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) (rejecting an Eighth Amendment claim based in part on lead in the prison's drinking water, commenting that "failing to provide a maximally safe environment,

one completely free from pollution or safety hazards, is not" a constitutional violation). Moreover, the 2018 nitrate sample analysis states that the problem of excessive nitrates was quickly corrected within a few days. *See Hutto v. Finney*, 437 U.S. 678, 687-87 (1978) (remarking that certain conditions of confinement "might be tolerable for a few days and intolerably cruel for weeks or months").

Plaintiff objects, as to his excessive heat claims, that housing inmates in an uncooled dorm with fans only is criminal misconduct. [Dkt. 38 at 14]. Plaintiff also admitted, however, that the prison had a heat mitigation plan that included encouraging heat-risk inmate patients to take frequent showers, drink iced water, soak themselves with water from dorm sinks, and accept misting by a fine spray. [Dkt. 35 at 21]. And as the R&R found, Plaintiff "does not allege a medical condition that would increase his vulnerability to serious illness caused by excessive heat." [*Id*. at 24]. In these circumstances, he has not alleged sufficient facts to state an unconstitutional condition of confinement under the Eighth Amendment's objective prong. *See Johnson v. Texas Bd. of Criminal Justice*, 281 F. App'x 319, 321 (5th Cir. 2008) ("While Johnson alleged that the temperatures were sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times; this is not sufficient to state a constitutional claim.").

Plaintiff objects, as to his water claims, that he has stated an equal protection violation based on the fact that female inmates receive bottled water. [Dkt. 38 at 15]. But the fact that female inmates received bottled water does not state a constitutional violation here. As the R&R found, Plaintiff does not allege that Defendants had any role in the distribution of bottled water. [Dkt. 35 at 26]. Thus, Plaintiff has not alleged intentional discrimination. *See Serrano v. Francis*, 345 F.3d 1071, 1082 ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.") (emphasis in original).

Plaintiff objects, as to his walkway claims, that he has stated a claim under

4

the Americans with Disabilities Act and the Bane Act. [Dkt. 38 at 15]. As the R&R found, however, Plaintiff has not stated a claim under these authorities because he has not alleged facts showing a constitutional violation due to the condition of the prison walkways. [Dkt. 35 at 12, 15].

The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge. The R&R is approved and accepted.

The R&R found that all the claims in the operative Second Amended Complaint (Dkt. 32) fall into three categories: (1) Walkway Claims; (2) Grievance Mishandling Clams; and (3) Heat and Water Quality Claims. [Dkt. 35 at 2]. This Order uses the same definitions of Plaintiff's claims. **IT IS THEREFORE ORDERED** as follows:

(A) The following claims are dismissed **WITH PREJDUICE** and **WITHOUT LEAVE TO AMEND**:

    (1) all Walkway Claims;

    (2) all Grievance Handling Claims;

    (3) The following Heat and Water Quality Claims:

        (a) all claims against Defendant Kerr;

        (b) all claims for retrospective declaratory relief;

        (c) all ADA Title II claims against all Defendants in their individual capacity;

        (d) all § 504 Rehabilitation Act claims against all Defendants in their individual capacity;

        (e) all ADA Title II claims against all Defendants in their official capacity for monetary damages and;

        (f) all §504 Rehabilitation Act claims against all Defendants in their official capacity for monetary damages;

        (g) all Elder Abuse Act claims; and

        (h) all Bane Act claims;

1  (B) All other Heat and Water Quality Claims not dismissed in Paragraph
2  (A)(3) are dismissed **WITHOUT PREJUDICE** and **WITH LEAVE TO**
3  **AMEND**;
4  (C) Any Third Amended Complaint shall be limited to Heat and Water
5  Quality Claims against CDCR for injunctive relief under either (1) § 1983 (based
6  on either the Eighth Amendment and/or Equal Protection Clause); (2) the ADA
7  Title II; and/or (3) the Rehabilitation Act §504.

DATED: July 27, 2023    _____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

6