UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ASHFORD,<br><br>         Plaintiff,<br><br>   v.<br><br>JAMES HILL, et al.,<br><br>         Defendants. | Case No. 5:22-cv-00846-SSS-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF PROSECUTION |

# I.
# BACKGROUND

On May 19, 2022, the Court received a pro se civil rights Complaint (Dkt. 1) with exhibits (Dkt. 4) from Plaintiff Gerald Ashford. He is an inmate in state custody at the California Institute for Men ("CIM") in Chino, California. On October 6, 2022, the Court dismissed the Complaint without prejudice and with leave to amend. (Dkt. 17.) On November 15, 2022, the Court received a First amended complaint (Dkt. 22 ["FAC"].)

The Court dismissed the FAC without prejudice and with leave to amend. (Dkt. 23.) On April 7, 2023, the Court received a Second Amended Complaint

1

(Dkt. 32 ["SAC"]).

This time, by Report and Recommendation ("R&R"), the magistrate judge recommended dismissing all the claims, with prejudice and without leave to amend. (Dkt. 35.) The district judge adopted the R&R and significantly limited the scope of any future amendments. (Dkt. 39.) On July 28, 2023, the Court ordered Plaintiff to file his Third Amended Complaint ("TAC") no later than August 25, 2023. (Dkt. 40.) Plaintiff was warned that failing to file a timely TAC could result in the dismissal of his lawsuit. (Id.)

Plaintiff filed nothing by that deadline. On September 11, 2023, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute. (Dkt. 41.) That OSC instructed Plaintiff to discharge it by either filing a TAC, filing a written response to the OSC, or voluntarily dismissing the lawsuit, by September 29, 2023. (Id.) As of the date of this Order, the Court has not received any further filings from Plaintiff.

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice.

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

2

See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.
## DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendants—weighs in favor of dismissal,

3

although perhaps not as strongly as some of the other factors. Because this Court dismissed multiple complaints on screening, Defendants have not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served but still dismissing the lawsuit without prejudice). On the other hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action. (Dkt. 40, 41.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's complaints failed to state claims for relief for the reasons explained by the Court's September 14, 2022, January 20, 2023, and July 27, 2023 dismissal orders. (Dkt. 17, 23, 39.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Plaintiff is incarcerated and proceeding pro se, the dismissal shall be without prejudice.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: October 19, 2023

_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE